JB:AB:MT/DPL
F.#2009R00195

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAMES C. BOMBINO,
ALICIA DIMICHELE,
    also known as "Alicia
    Garofalo,"
EDWARD GAROFALO, JR.,
    also known as
    "Bobble" and
    "Tall Guy,"
MIKE LNU,
MICHAEL J. PERSICO,
THEODORE N. PERSICO, JR.,
    also known as
    "Skinny" and
    "Teddy,"
THOMAS PETRIZZO and
LOUIS ROMEO,

       Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C. §§ 371, 664,
981(a)(1)(C), 1349,
1951(a), 1962(d), 1963,
1963(a), 1963(m),
2 and 3551 et seq.;
T. 21, U.S.C. § 853(p);
T. 28, U.S.C. § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

      At all times relevant to this indictment, unless

otherwise indicated:

The Enterprise

      1.  The members and associates of the Colombo organized

crime family of La Cosa Nostra (the "Colombo family") constituted

an "enterprise," as defined in Title 18, United States Code,

Section 1961(4), that is, a group of individuals associated in fact.  The Colombo family engaged in, and its activities affected, interstate and foreign commerce.  The Colombo family was an organized criminal group that operated in the Eastern District of New York and elsewhere.  The Colombo family constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.   The Colombo family was part of an international criminal organization known by various names, including the "mafia" and "La Cosa Nostra," which operated through entities known as "families."  The ruling body of this organization was known as the "commission," the membership of which at various times has included the bosses of the five New York City-based families, to wit: the Bonanno, Colombo, Gambino, Genovese and Luchese organized crime families.

3.   The Colombo family operated through groups of individuals headed by "captains," who were also referred to as "skippers," "caporegimes" and "capodecinas."  These groups, which were referred to as "crews," "regimes" and "decinas," consisted of "made" members of the Colombo family, also referred to as "soldiers," "friends of ours," "good fellows" and "buttons," as well as associates of the Colombo family.

2

4. Each captain was responsible for supervising the criminal activities of his crew and providing crew members and associates with support and protection. In return, the captain received a share of the earnings of each of the crew's members and associates.

5. Above the captains were the three highest-ranking members of the Colombo family. The head of the Colombo family was known as the "boss." He was assisted by an "underboss" and a counselor, who was known as the "consigliere." With the assistance of the underboss and consigliere, the boss was responsible for setting policy, resolving disputes between members and associates of the Colombo family and members and associates of other criminal organizations, and approving all significant actions taken by members and associates of the Colombo family, including murder.

6. The boss, underboss and consigliere of the Colombo family, who were sometimes referred to collectively as the "administration," supervised, supported, protected and disciplined the captains, soldiers and associates and regularly received reports regarding the activities of the members and associates of the Colombo family. In return for their supervision and protection, the boss, underboss and consigliere received part of the illegal earnings of each crew.

3

7.   From time to time, the Colombo family would propose a list of associates to be "made" or "straightened out," that is, to become members of the Colombo family.  The list would be circulated to the other families based in New York City.  Upon becoming "made" or "straightened out," each member would take an oath of "omerta," vowing never to reveal any information about the Colombo family, its members or associates.

The Purposes, Methods and Means of the Enterprise

8.   The principal purpose of the Colombo family was to generate money for its members and associates.  This purpose was implemented by members and associates of the Colombo family through various criminal activities, including drug trafficking, extortion, illegal gambling, fraud, loansharking, embezzlement from employee benefit funds and larceny by extortion.  The members and associates of the Colombo family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.   Although the primary purpose of the Colombo family was to generate money for its members and associates, the members and associates at times used the resources of the Colombo family to settle personal grievances and vendettas, sometimes with the approval of higher-ranking members of the Colombo family.  For

4

those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10. The members and associates of the Colombo family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities. That conduct included a commitment to murdering persons, particularly members or associates of organized crime families who were perceived as potential witnesses against members and associates of the enterprise.

11. Members and associates of the Colombo family often coordinated street-level criminal activity, such as drug trafficking, illegal gambling, loansharking, extortion and robbery, with members and associates of other organized crime families.

The Defendants

12. At various times, the defendant THEODORE N. PERSICO, JR., also known as "Skinny" and "Teddy," was a member of the administration, a captain, a soldier and an associate within the Colombo family.

13. At various times, the defendants JAMES C. BOMBINO, EDWARD GAROFALO, JR., also known as "Bobble" and "Tall Guy," and MICHAEL J. PERSICO were associates within the Colombo family.

5

COUNT ONE
(Racketeering Conspiracy)

14.   The allegations in paragraphs 1 through 13 are
realleged and incorporated as if fully set forth in this
paragraph.

15.   In or about and between June 2003 and February
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JAMES
C. BOMBINO, EDWARD GAROFALO, JR., also known as "Bobble" and
"Tall Guy," MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., also
known as "Skinny" and "Teddy," together with others, being
persons employed by and associated with the Colombo family, an
enterprise that engaged in, and the activities of which affected,
interstate and foreign commerce, did knowingly and intentionally
conspire to violate Title 18, United States Code, Section
1962(c), that is, to conduct and participate, directly and
indirectly, in the conduct of the affairs of that enterprise
through a pattern of racketeering activity, as defined in Title
18, United States Code, Sections 1961(1) and 1961(5).

16.   The pattern of racketeering activity through which
the above-named defendants, together with others, agreed to
conduct the affairs of the enterprise consisted of Racketeering
Acts One through Six, set forth below in paragraphs seventeen
through forty.   The defendants agreed that a conspirator

6

would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

### RACKETEERING ACT ONE
(Embezzlement from Employee Benefit Funds)

17.   In or about and between June 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD GAROFALO, JR., together with others, did knowingly and intentionally embezzle and steal and unlawfully and willfully abstract and convert to his own use and the use of one or more others the credits, property and other assets of an employee welfare benefit plan and employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, to wit: the right to collect monies and funds owed to welfare benefit plan and pension benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282, in violation of Title 18, United States Code, Sections 664 and 2.

### RACKETEERING ACT TWO
(Attempted Extortion - John Doe #1)

18.   In or about and between September 2004 and October 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD GAROFALO, JR., together with others, did knowingly and intentionally attempt to steal property by extortion, in that the

7

defendant, together with others, attempted to obtain property, to wit: money, from John Doe #1, an individual whose identity is known to the Grand Jury, by instilling in him a fear that one or more persons would cause physical injury to some person in the future, in violation of New York Penal Law Sections 155.40(2), 110.00 and 20.00.

RACKETEERING ACT THREE
(Conspiracy/Attempted Extortion - John Doe #2)

19. The defendants named below agreed to the commission of the following acts, either one of which alone constitutes Racketeering Act Three:

A.   New York State Law - Extortion Conspiracy

20. In or about and between September 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR., MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, from John Doe #2, an individual whose identity is known to the Grand Jury, by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, in violation of New York Penal Law Sections 155.40(2) and 105.10.

8

21.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants EDWARD GAROFALO, JR., MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., committed and caused to be committed, the following:

OVERT ACTS

a.   In or about February 2008, MICHAEL J. PERSICO and THEODORE N. PERSICO, JR. agreed to contact members of the Gambino crime family to have John Doe #2 moved from the Gambino family to the Colombo family.

b.   In or about September 2008, THEODORE N. PERSICO, JR. met with a member of the Gambino crime family and arranged to have John Doe #2 moved from the Gambino family to the Colombo family.

c.   On or about November 11, 2008, EDWARD GAROFALO, JR. advised THEODORE N. PERSICO, JR. that if John Doe #2 did not compensate PERSICO, JR. for getting him moved to the Colombo crime family, then PERSICO, JR. should stop protecting John Doe #2 from members of the Gambino family.

B.   New York State Law - Attempted Extortion

22.   In or about and between September 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with

others, did knowingly and intentionally attempt to steal property by extortion, in that the defendants, together with others, attempted to obtain property, to wit: money, from John Doe #2 by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, in violation of New York Penal Law Sections 155.40(2), 110.00 and 20.00.

RACKETEERING ACT FOUR
(Wire Fraud and Commercial Bribery - Testa Corporation)

23. The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Four:

A.   Wire Fraud

24. In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally devise a scheme and artifice to defraud Testa Corporation, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

25. It was part of the scheme that defendants BOMBINO, PERSICO and PERSICO, JR. agreed that All Around Trucking, a company that BOMBINO, PERSICO and PERSICO, JR. controlled, would make cash kickback payments to an employee and agent of Testa

10

Corporation, to wit: MIKE LNU, in exchange for obtaining work as the carting subcontractor on Testa Corporation demolition jobs. In particular, BOMBINO, PERSICO and PERSICO, JR. agreed to pay MIKE LNU 25 dollars in cash for every truckload of demolition debris that All Around Trucking removed from Testa Corporation demolition jobs. BOMBINO, PERSICO and PERSICO, JR. concealed from Testa Corporation that All Around Trucking's invoices to Testa Corporation included the amount of the cash kickback payments.

26. For the purpose of executing the scheme and artifice to defraud, the defendants, together with others, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals and sounds, to wit: an e-mail between the defendant JAMES C. BOMBINO in New York and an employee of Testa Corporation in Massachusetts on October 29, 2009, in violation of Title 18, United States Code, Sections 1343 and 2.

B.  New York State Law - Commercial Bribery

27. In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MICHAEL J. PERSICO and THEODORE N. PERSICO, JR., together with others, did knowingly and intentionally confer, and offer and agree to confer, a benefit, to wit: money, upon an

11

employee, agent and fiduciary, to wit: MIKE LNU, without the
consent of MIKE LNU's employer and principal, to wit: Testa
Corporation, with intent to influence MIKE LNU's conduct in
relation to his employer's and principal's affairs, which benefit
exceeded 1,000 dollars and caused economic harm to the employer
and principal in an amount exceeding 250 dollars, in violation of
New York Penal Law Sections 180.03 and 20.00.

      C.   <u>New Jersey State Law - Commercial Bribery</u>

      28.  In or about and between June 2009 and February
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JAMES
C. BOMBINO, MICHAEL J. PERSICO and THEODORE N. PERSICO, JR.,
together with others, did knowingly and intentionally confer, and
offer and agree to confer, a benefit, to wit: money exceeding
1,000 dollars, to MIKE LNU, as consideration for MIKE LNU
knowingly violating and agreeing to violate a duty of fidelity to
which he was subject as an agent, partner and employee of
another, to wit: Testa Corporation, in violation of New Jersey
Statute 2C:21-10 and 2C:2-6.

RACKETEERING ACT FIVE
(Extortion Conspiracy/Attempted Extortion – Furniture Store
Owner)

29.   The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Five:

A.   New York State Law - Extortion Conspiracy

30.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, from John Doe #3, the owner of a furniture store in Brooklyn, New York whose identity is known to the Grand Jury, by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, in violation of New York Penal Law Sections 155.40(2) and 105.10.

31.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO committed and caused to be committed, the following:

13

### OVERT ACTS

a.    In or about December 2009, JAMES C. BOMBINO and MICHAEL J. PERSICO discussed repayment of the loans that BOMBINO and PERSICO had made to John Doe #3.

b.    In or about December 2009, MICHAEL J. PERSICO, JAMES C. BOMBINO met with John Doe #3.

c.    In or about December 2009, at the meeting involving MICHAEL J. PERSICO, JAMES C. BOMBINO and John Doe #3, BOMBINO stated that he would control the furniture store until John Doe #3 repaid the monies owed to BOMBINO and PERSICO.

d.    In or about December 2009, at the meeting involving MICHAEL J. PERSICO, JAMES C. BOMBINO and John Doe #3, PERSICO instructed John Doe #3 that he was required to accept BOMBINO's control of the furniture store until the debt owed to BOMBINO and PERSICO was repaid.

B.    New York State Law - Attempted Extortion

32.    In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to steal property by extortion, in that the defendants and their coconspirators attempted to obtain property, to wit: money, from John Doe #3, the owner of the furniture store located in Brooklyn, New York,

14

by instilling in him a fear that one or more persons would cause physical injury to some person in the future and cause damage to property, in violation of New York Penal Law Sections 155.40(2), 110.00 and 20.00.

### C.   Federal Law - Extortion Conspiracy

33.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, with the consent of John Doe #3, the owner of the furniture store located in Brooklyn, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

### D.   Federal Law - Attempted Extortion

34.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in

15

commerce, by extortion, in that the defendants and others attempted to obtain property, to wit: money, with the consent of John Doe #3, the owner of the furniture store located in Brooklyn, New York, which consent was induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT SIX
(Extortion Conspiracy/Attempted Extortion - Testa Corporation)

35.    The defendants named below agreed to the commission of the following acts, any one of which alone constitutes Racketeering Act Six:

A.    <u>New York State Law - Extortion Conspiracy</u>

36.    In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, from the owner of Testa Corporation by instilling in him a fear that one or more persons would cause damage to property, in violation of New York Penal Law Sections 155.40(2) and 105.10.

16

37.  In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO committed and caused to be committed, the following:

OVERT ACTS

a.  On or about October 29, 2009, MICHAEL J. PERSICO instructed JAMES C. BOMBINO to call an employee of Testa Corporation and threaten Testa Corporation with economic harm if it did not pay the monies it owed to All Around Trucking.

b.  In accordance with this instruction and in the presence of MICHAEL J. PERSICO, in or about October 2009, JAMES C. BOMBINO called the employee of Testa Corporation and threatened Testa Corporation with economic harm if it did not pay the monies it owed to All Around Trucking.

B.  New York State Law - Attempted Extortion

38.  In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to steal property by extortion, in that the defendants and their coconspirators attempted to obtain property, to wit: money, from the owner of

17

Testa Corporation by instilling in him a fear that one or more persons would cause damage to property, in violation of New York Penal Law Sections 155.40(2), 110.00 and 20.00.

C.   Federal Law - Extortion Conspiracy

39.   In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property, to wit: money, with the consent of the owner of Testa Corporation, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

D.   Federal Law - Attempted Extortion

40.   In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others

18

attempted to obtain property, to wit: money, with the consent of
the owner of Testa Corporation, which consent was induced through
wrongful use of actual and threatened force, violence and fear,
in violation of Title 18, United States Code, Sections 1951(a)
and 2.

(Title 18, United States Code, Sections 1962(d), 1963
and 3551 et seq.)

## COUNT TWO
(Conspiracy to Embezzle from Employee Benefit Plans)

41. The allegations in paragraphs 1 through 13 are
realleged and incorporated as if fully set forth in this
paragraph.

42. In or about and between June 2003 and June 2005,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants ALICIA
DIMICHELE, also known as "Alicia Garofalo," and EDWARD GAROFALO,
JR., also known as "Bobble" and "Tall Guy," together with others,
did knowingly and intentionally conspire to embezzle and steal
and unlawfully and willfully abstract and convert to their own
use and the use of one or more others the credits, property and
other assets of an employee welfare benefit plan and employee
pension benefit plan subject to Title I of the Employee
Retirement Income Security Act of 1974, to wit: the right to
collect monies and funds owed to welfare benefit plan and pension

19

benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282, in violation of Title 18, United States Code, Section 664.

43.    In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. committed and caused to be committed, among others, the following:

OVERT ACTS

a.    On or about November 24, 2004, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted to Company #1 located in Long Island, New York, a company whose identity is known to the Grand Jury, a false invoice from Big R Trucking for work allegedly performed on November 20, 2004.

b.    On or about November 24, 2004, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted to the International Brotherhood of Teamsters, Local 282, located in Long Island, New York, a false shop steward report for D.M. Equipment for the week of November 15, 2004 through November 21, 2004.

c.    On or about March 24, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted to Company #2 located in Long Island, New York, a

company whose identity is known to the Grand Jury, a false invoice from Big R Trucking for work allegedly performed from March 19, 2005 through March 24, 2005.

        d.    On or about April 1, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted to the International Brotherhood of Teamsters, Local 282, a false shop steward report for D.M. Equipment for the week of March 14, 2005 through March 20, 2005.

        e.    On or about April 8, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR. submitted and caused to be submitted to Company #1, a false invoice from Big R Trucking for work allegedly performed on April 2, 2005.

        f.    On or about April 8, 2005, the defendants ALICIA DIMICHELE and EDWARD GAROFALO, JR., submitted and caused to be submitted to the International Brotherhood of Teamsters, Local 282, a false shop steward report for D.M. Equipment for the week of March 28, 2005 through April 3, 2005.

        (Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq</u>.)

COUNT THREE
(Embezzlement from Employee Benefit Plans)

        44.    The allegations in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

21

45. In or about and between June 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALICIA DIMICHELE, also known as "Alicia Garofalo," and EDWARD GAROFALO, JR., also known as "Bobble" and "Tall Guy," together with others, did knowingly and intentionally embezzle and steal and unlawfully and willfully abstract and convert to their own use and the use of one or more others the credits, property and other assets of an employee welfare benefit plan and employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, to wit: the right to collect monies and funds owed to welfare benefit plan and pension benefit plan funds operated on behalf of union laborers of the International Brotherhood of Teamsters, Local 282.

(Title 18, United States Code, Sections 664, 2 and 3551 et seq.)

### COUNT FOUR
(Wire Fraud Conspiracy)

46. The allegations in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

47. In or about and between June 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO, MIKE LNU, MICHAEL J. PERSICO, THEODORE N. PERSICO,

JR., also known as "Skinny" and "Teddy," THOMAS PETRIZZO and
LOUIS ROMEO, together with others, did knowingly and
intentionally conspire to devise a scheme and artifice to defraud
Testa Corporation, and to obtain money and property by means of
materially false and fraudulent pretenses, representations and
promises, and for the purpose of executing such scheme and
artifice, to transmit and cause to be transmitted by means of
wire communication in interstate and foreign commerce, writings,
signs, signals and sounds, in violation of Title 18, United
States Code, Section 1343.

48.   It was part of the conspiracy that defendants
BOMBINO, PERSICO and PERSICO, JR. agreed that All Around
Trucking, a company that BOMBINO, PERSICO and PERSICO, JR.
controlled, would make cash kickback payments to an employee and
agent of Testa Corporation, to wit: MIKE LNU, in exchange for
obtaining work as the carting subcontractor on Testa Corporation
demolition jobs.   In particular, BOMBINO, PERSICO and PERSICO,
JR. agreed to pay MIKE LNU 25 dollars in cash for every truckload
of demolition debris that All Around Trucking removed from Testa
Corporation demolition jobs.   BOMBINO, PERSICO and PERSICO, JR.

23

concealed from Testa Corporation that All Around Trucking's invoices to Testa Corporation included the amount of the cash kickback payments.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNT FIVE
(Extortion Conspiracy – Furniture Store Owner)

49.   The allegations in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

50.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and his coconspirators agreed to obtain property, to wit: money, with the consent of John Doe #3, the owner of the furniture store located in Brooklyn, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

24

## COUNT SIX
(Attempted Extortion - Furniture Store Owner)

51.   The allegations in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

52.   In or about and between September 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others attempted to obtain property, to wit: money, with the consent of John Doe #3, the owner of the furniture store located in Brooklyn, New York, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SEVEN
(Extortion Conspiracy - Testa Corporation)

53.   The allegations in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

54. In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and his coconspirators agreed to obtain property, to wit: money, with the consent of the owner of Testa Corporation, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT EIGHT
(Attempted Extortion - Testa Corporation)

55. The allegations in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

56. In or about and between October 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES C. BOMBINO and MICHAEL J. PERSICO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others

26

attempted to obtain property, to wit: money, with the consent of the owner of Testa Corporation, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

57. The United States hereby gives notice to the defendants charged in Count One, that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), for which each defendant is jointly and severally liable: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in any violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1), 1963(a)(2),

27

and 1963(a)(3), include, but are not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses in Count One.

58.  If any of the property described above, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH EIGHT

59. The United States hereby gives notice to the defendants charged in Counts Two through Eight of the indictment that, upon conviction of any of the respective offenses charged in Counts Two through Eight in which they are named, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), for which each defendant is jointly and severally liable, of any property, real or personal, which constitutes or is derived from proceeds traceable to any such offenses, including but not limited to a sum of money representing the amount of proceeds obtained as a result of any such offense.

60. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

29

        d.     has been substantially diminished in value;
or

        e.     has been commingled with other property which
cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the

forfeitable property.

        (Title 18, United States Code, Section 981(a)(1)(C);

Title 21, United States Code, Section 853(p); Title 28, United

States Code, Section 2461(c))


A TRUE BILL

_____
FOREPERSON


BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136


30

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.    Title of Case:    United States v. JAMES C. BOMBINO, ALICIA DIMICHELE,
      also known as "Alicia Garofalo," EDWARD GAROFALO, JR., also known as
      "Bobble" and "Tall Guy," MIKE LNU, MICHAEL J. PERSICO, THEODORE N.
      PERSICO, JR., also known as "Skinny" and "Teddy," THOMAS PETRIZZO and
      LOUIS ROMEO

2.    Related Magistrate Docket Number(s): _____
           None (X)

3.    Arrest Date:   3/9/10 _____

4.    Nature of offense(s):   ☒   Felony
                              ☐   Misdemeanor

5.    Related Cases - Title and Docket Nos.  (Pursuant to Rule 50.3 of the
      Local E.D.N.Y. Division of Business Rules):
      _____

6.    Projected Length of Trial:     Less than 6 weeks    (  )
                                      More than 6 weeks    ( X )

7.    County in which crime was allegedly committed:   Brooklyn, Staten Island
      (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.    Has this indictment been ordered sealed?          ( X ) Yes      (  ) No

9.    Have arrest warrants been ordered?                ( X ) Yes      (  ) No

10.   Capital count included?                           (  ) Yes      ( X ) No

                              BENTON J. CAMPBELL
                              UNITED STATES ATTORNEY

                        By:   _____
                              Michael Tremonte
                              Assistant U.S. Attorney
                              (718) 254-6389

Rev. 3/22/01

SLT + RLM
10-147