

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:NMA/RMN/AL

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

May 16, 2012

**By ECF & Hand Delivery**

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Francis Guerra, et al.
            Criminal Docket No. 10-0147 (S-4)(SLT)

Dear Judge Townes:

       The government respectfully submits this motion <u>in limine</u> to preclude the introduction of evidence regarding the sentences received by previously-sentenced government cooperating witnesses.  In the alternative, should such evidence be put before the jury, the government respectfully requests an appropriate curative instruction.

       For the reasons set forth below, the introduction of evidence regarding the sentence that any sentenced cooperating witnesses received is inappropriate as such sentences are judicial determinations, not benefits conferred by the government.  In addition, because the circumstances underlying the sentence of each cooperating witness are unique, introduction of such evidence presents a substantial risk of unfair prejudice, confusion of the issues and undue wasting of time, and should be precluded pursuant to Federal Rule of Evidence 403.

Argument

       As the Court is well aware, the decision as to what sentence a cooperating witness receives is a judicial determination, based on the totality of the circumstances of an individual defendant's case.  That determination requires a careful balancing of the applicable law and facts germane to each witness's personal history and provision of substantial assistance.  <u>See</u> 18 U.S.C. § 3553(a) & (e).  Because such sentences are judicial determinations made by courts, not juries, it is misleading for counsel to argue in one trial that a certain cooperating witness's sentence – under totally different

individual circumstances - has relevance to another cooperating witness's circumstance.

Federal Rule of Evidence 403 provides that otherwise relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "The prejudice that Rule 403 is concerned with involves 'some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence.'" United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir. 1995) (quoting United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980)); see generally 2 Weinstein's Federal Evidence § 403.04[1][b] at 403-37 (Joseph M. McLaughlin, ed., 2d ed. 2003) ("Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case.").

As the Honorable Nicholas G. Garaufis held in the recent trial of Vincent Basciano, introduction of evidence regarding the specific sentences cooperating witnesses had received, including through cross-examination of other cooperating witnesses, is prejudicial and likely to create confusion. In so ruling, Judge Garaufis observed:

> The defendant has moved for the Court to permit cross-examination of cooperating witnesses about the sentences that Salvatore Vitale, Sammy the Bull Grav[a]no, and other cooperating witnesses have received as a result of cooperating with the government, defendant's motion is denied. The Court finds that such questioning about cooperator's impressions of the benefits of other specific cooperators, that other specific cooperators have received, is not essential to effective cross-examination for bias.
>
> The Court further finds that such examination is both prejudicial and likely to create confusion. Any probative value such evidence would have is substantially outweighed by the likelihood of prejudice and confusion and thus is barred under Federal Rule of Evidence 403.
>
> The defendant may inquire into these cooperating witnesses' biases through a broad range of questions about the benefits they expect to receive without

2

> inquiring into what benefits specific named cooperating witnesses received. [For] the same reasons, the defense will not be permitted to reference the sentences specific cooperating witnsses have received during their opening statement.

Basciano Trial Tr. at 4507-08 (Apr. 11, 2011) (attached hereto).

Thereafter, when government cooperating witness Salvatore Vitale was called to testify by the defense in Basciano, the sentence Vitale received was not put before the jury. In summations, however, defense counsel suggested that Vitale was not in custody. In an effort to eliminate unfair prejudice to the government, Judge Garaufis instructed the jury as follows:

> Yesterday defense counsel made some statements in summation concerning the current status of Sal Vitale. You should draw no inferences concerning the sentence Mr. Vitale or any cooperating witness may or may not receive except as will be set forth in my instructions on the law. Those sentences are not within the government's control. They are solely within the discretion of the sentencing court.

Basciano Trial Tr. at 8223 (May 10, 2011) (attached hereto).

As Judge Garaufis correctly observed, the sentences received by cooperating witnesses are judicial determinations, not benefits conferred to witnesses by the government. See Basciano Trial Tr. at 4429 (describing comparisons of cooperating witnesses' sentences as "apples and oranges"); see id. at 4428 (observing that placing a cooperator's sentence before the jury "brings into question what the Court did with Sal Vitale"). Revisiting such judicial determinations before a jury presents substantial risks of confusion and prejudice in that, in order to put an individual witness's sentence into context, the government would need to present voluminous information to the jury - the very same information provided to the sentencing court - which risks wasting time, causing delay and creating a confusing side-show for the jury.

Similarly, in United States v. Gioeli, after defense counsel made a misleading argument in its opening statement about the government recommending a specific sentence for a cooperating

3

witness, the Honorable Brian M. Cogan gave the following limiting instruction:

> Ladies and gentleman, let me explain to you a little bit about how federal sentencing works, particularly with regard to cooperating witnesses.
> When someone cooperates with the government the government does not determine what sentence they are going to get. Nor does the government make a recommendation to the sentencing judge as to how much time they're going to get.
> What the government will do, if it is satisfied with the level of cooperation, is write to the sentencing judge what is known as a 5K1 letter. That sets forth the nature of the crimes that the defendant has committed and all the cooperation that the defendant has undertaken. The judge takes that letter, together with a lot of other information about the defendant and all of the crimes that he's committed, and it is the judge exclusively that decides upon the appropriate sentence, not the government.
> So all that a cooperating witness gets from the government, if the government is satisfied with their cooperation is this 5K1 letter.
> I won't tell you that the 5K1 letters aren't important to sentencing judges, they generally are, but it is the judge's decision and only the judge's decision as to what the sentence should be.

<u>Gioeli</u> Trial Tr. at 327-328 (attached hereto).

## Conclusion

For the reasons set forth above, the Court should grant the government's motion to preclude the introduction of evidence, including through cross-examination, of the sentences received by sentenced cooperating witnesses. In the alternative, the government respectfully requests that the Court give an appropriate curative instruction should such evidence be put before the jury.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Nicole M. Argentieri
Rachel M. Nash
Allon Lifshitz
Assistant U.S. Attorneys

cc: Defense Counsel (by ECF)