

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:NMA/AL/RN  *271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 20, 2012

**By ECF**

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Francis Guerra, et al.
            Criminal Docket No. 10-0147 (S-4)(SLT)

Dear Judge Townes:

      The government respectfully submits this letter to supplement its previously filed motion in limine to admit at trial evidence of certain acts by the defendants Francis Guerra ("Guerra"), Michael Persico ("Persico") and Theodore Persico, Jr. (Docket Entry No. 451.) Specifically, the government intends to introduce at trial two telephone recordings of Persico speaking to his brother Alphonse Persico ("A. Persico"), who was then incarcerated at the Federal Correctional Institution in Milan, Michigan, regarding A. Persico's wife Teresa Persico, the then-girlfriend of Michael Devine (the "Milan recordings").[1] As set forth herein, these recordings are extremely probative of the racketeering conspiracy and the motive underlying the Devine murder, and should be admitted at trial.[2]

I.   The Milan Recordings

      On January 23, 1992, the day prior to Michael Devine's murder, Persico and his brother A. Persico had a series of recorded telephone conversations about a dispute with A. Persico's ex-wife, Teresa Persico. The government has identified

---

    [1] The government notes that the defendant's motion to suppress these recordings is still under consideration by the Court.

    [2] The statements are also admissible under Federal Rule of Evidence 801(d)(2)(E) as classic co-conspirator statements.

two recordings during which Persico advised A. Persico of an argument he had with Teresa and how he planned to handle the argument with Teresa's father.  Transcripts of these recordings are attached hereto as Exhibits A and B.  Specifically, Persico advised A. Persico that he had "questioned [Teresa], she don't want to tell me."  (See Ex. B at 2).  Persico then described a heated argument he had with Teresa; in response, A. Persico described his own disappointment that Teresa's father had not been up front with him about her new romantic relationship, stating "they're all guilty and all liars and secretive."  (Id. at 3).  These recordings culminate in A. Persico directing Persico to proceed with preparing legal papers related to his separation from his Teresa, stating ominously, "We go along like nothing has happened, like nothing has changed."  The next day, Persico loyalist and Colombo crime family associate Guerra participated in the murder of Devine, who was shot in the back of the head and in the groin as he sat in the garage of his apartment building.  Guerra is charged in Count One, Racketeering Act Four, with his participation in the Devine murder.

II.  The Recordings Are Admissible as Evidence of the Racketeering Conspiracy Itself and Motive

The government submitted a lengthy legal memorandum regarding the admissibility of other acts evidence, which it incorporates herein by reference.  Briefly, the government respectfully submits that the Milan recordings are admissible, among other reasons, as (1) evidence of the racketeering conspiracy, (2) necessary to complete the story of the charged crime, and (3) proof of Guerra's motive to commit the murder of Michael Devine.

First, the recordings establish A. Persico's authority within the Colombo crime family in the early 1990s despite his incarceration and Persico's role in carrying out A. Persico's directives.  The substance of the recordings clearly demonstrates that A. Persico is directing Persico's actions on his behalf, and seeks Persico's assistance in carrying out the affairs of the enterprise, which are probative of their respective positions within the Colombo crime family and of the existence of the racketeering conspiracy itself.  Accordingly, the government respectfully submits that the recordings are admissible to establish the existence of the Colombo crime family enterprise without reliance on Rule 404(b), in accordance with Second Circuit precedent.  See, e.g., United States v. Baez, 349 F.3d 90, 93 (2d Cir. 2003).

Evidence of uncharged criminal activity is also "'not considered other crimes evidence under Rule 404(b) . . . if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.'" United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (quoting United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997)). Here, absent these recordings, the government will not be able to complete the story of the Devine murder, including the reasons why he was killed. Without A. Persico and Persico's statements regarding Teresa Persico's behavior, her new relationship and her argument with Persico, the government will not be able to establish that the Persicos were even aware that Teresa Persico had a new boyfriend or that her behavior was causing turmoil among powerful members of the Colombo crime family.

Finally, it is well established that "[e]vidence of a crime, wrong, or other act" may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1) and (2). These consensual recordings are evidence of Guerra's motive in carrying out the charged crime. While the government will establish Guerra's relationship with Persico, A. Persico and the Colombo crime family through the testimony of cooperating witnesses and other evidence, these recordings are critical to demonstrate Guerra's motive in carrying out the Devine murder, which was to ingratiate himself further to the Persico faction of the Colombo crime family.[3]

---

[3] The government also respectfully submits that the probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Persico's statements are not so inflammatory as to require exclusion under Rule 403, especially considering the serious charges against him in the above-captioned matter.

III. <u>Conclusion</u>

      For the foregoing reasons, the government respectfully submits that the Milan recordings should be admitted into evidence at trial.

                                  Respectfully submitted,

                                  LORETTA E. LYNCH
                                United States Attorney

                      By:        /s/
                                Nicole M. Argentieri
                                Rachel Nash
                                Allon Lifshitz
                                Assistant U.S. Attorneys
                                (718) 254-6232/6072/6164

cc:  Defense counsel (by ECF)

Attachments