

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

NMA/RN/AL
F.#2009R00195

*271 Cadman Plaza East
Brooklyn, New York 11201*

May 28, 2012

By Hand Delivery and ECF

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Francis Guerra, et al.
           Criminal Docket No. 10-147 (S-4)(SLT)

Dear Judge Townes:

      The government respectfully submits this letter regarding the trial in the above-captioned matter.  For the reasons set forth below, the government respectfully requests that (1) the Court move the pretrial conference currently scheduled for June 1, 2012, at 11:00 a.m. to June 1, 2012 at 3:15 p.m; and (2) prospective jurors calling into the Court's telephone system on May 29, 2012, be directed to call back on June 1, 2012, after 7:00 p.m.  In addition, should the Second Circuit stay the trial of Count One as to the defendant Theodore Persico, Jr., the government respectfully asks that the entire trial be stayed, as to all defendants and counts, until the Second Circuit has ruled on Persico, Jr.'s appeal.

Background

      On May 8, 2011, the Court denied Persico, Jr.'s motion to dismiss Count One of the above-captioned indictment, which alleges racketeering conspiracy, on double jeopardy grounds.  (Docket Entry No. 450.)  Later that day, the defendant filed a notice of appeal of that decision.  (Docket Entry No. 454.)

      On May 9, 2012, the Court indicated in open court that despite the notice of appeal, trial would proceed as to all counts on June 4, 2012, unless a stay was issued by the Second Circuit.  On May 10, 2012, the defendant filed a motion for reconsideration, arguing that because his appeal was not frivolous, this Court should stay the trial of Count One as to him.  (Docket Entry No. 459.)  On May 11, 2012, the government

responded, arguing that the appeal was frivolous and asking that the trial proceed on June 4, 2012, as to all counts.  (Docket Entry No. 460.)  On May 15, 2012, the Court denied the defendant's motion for reconsideration, deemed his appeal frivolous, and ordered that the trial will proceed on June 4, 2012, as to all counts.  (Docket Entry No. 466.)

On May 21, 2012, the defendant filed, in the Second Circuit, a motion for an emergency stay of the June 4, 2012, trial of Count One as charged against him pending adjudication of his appeal.  (Case No. 12-1974, Docket Entry No. 15-1.)  On May 22, 2012, the government filed a response in opposition.  (Id., Docket Entry No. 20.)  On May 23, 2012, the defendant filed a reply.  (Id., Docket Entry No. 23.)  On May 25, 2012, the Second Circuit issued an Order providing as follows:

> IT IS HEREBY ORDERED that the motion by appellant Theodore Persico, Jr. to stay pending appeal the trial scheduled for June 4, 2012 in the District Court for the Eastern District of New York as to Count One of the Superseding Indictment will be heard on Friday, June 1, 2012 at 10:00 a.m.  In the interim, the trial is stayed pending determination of the motion by the panel.

(Id., Docket Entry No. 32.)

## Discussion

Jury selection is scheduled to begin on June 4, 2012.  The government's understanding is that prospective jurors will be directed to call into the Court's jury information telephone system on Tuesday, May 29, 2012, after 7:00 p.m., in order to learn when to report to the courthouse.  However, because the Second Circuit will not hold oral argument as to the defendant's motion for a stay until Friday, June 1, 2012 at 10:00 a.m., the government respectfully requests that jurors be directed to call into the telephone system on June 1, 2012, after 7:00 p.m.  This will allow the message on the telephone system to reflect any decision made by the Court in light of the Second Circuit's decision or made by the Second Circuit at or shortly after argument.  Additionally, the government respectfully requests that the pretrial conference currently scheduled for June 1, 2012 at 11:00 a.m. be rescheduled to June 1, 2012 at 3:15 p.m.

In addition, should the Second Circuit order the trial of Count One stayed as to Persico, Jr., the government respectfully requests that the entire trial be stayed as to all counts and all defendants.  As explained in the government's

response to Persico, Jr.'s motion for reconsideration, conducting a trial on June 4, 2012, without proceeding on Count One against Persico, Jr., would result in two long, duplicative trials. (Docket Entry No. 460 at 4-6.) Because Count One is also charged against co-defendants Michael Persico and Francis Guerra, both trials would require the government to prove the existence of the charged enterprise, i.e., the Colombo family of organized crime, the defendants' membership in or association with that enterprise, the enterprise's pattern of racketeering and the agreement among the defendants and others to engage in that pattern of racketeering. In addition, three of the enumerated racketeering acts are alleged against Persico, Jr., and one or both of his co-defendants, including the murder of Joseph Scopo, the proof of which will include, inter alia, recorded conversations, documentary evidence, expert testimony and testimony by several cooperating witnesses.

Therefore, proceeding to trial on June 4, 2012, as to Michael Persico and Guerra, and against Persico, Jr., as to charges other than Count One, and then proceeding later in a second trial as to Count One against Persico, Jr., would require that the same trial essentially be conducted twice, at an enormous cost to the Court, the government, and the many witnesses who would be required to testify twice. The government respectfully submits that there would be little or no countervailing benefit to proceeding in this manner, and certainly no benefit that could outweigh the certain costs and potential risks. As the Supreme Court has observed:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability -- advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson v. Marsh, 481 U.S. 200, 210 (1987); see also United States v. Rucker, 32 F. Supp. 2d 545, 547 (E.D.N.Y. 1999) ("Joint

3

trials . . . limit inconveniences to witnesses, avoid delays in bringing defendants to trial and permit the entire story to be presented to a single jury.") (Glasser, J.). In light of these considerations, a joint trial is appropriate in this case.[1]

---

[1] In the event that a co-defendant requests to be severed so that he may proceed to trial on June 4, 2012, that request should be denied. The Speedy Trial Act does not create a right to severance. United States v. Pena, 793 F.2d 486, 489-90 (2d Cir. 1986) ("Congress clearly intended that, where appropriate, joint trials of defendants should continue to be available as a means of promoting judicial efficiency by avoiding duplicative proof at successive trials."). Therefore, if the speedy trial clock stops for one defendant, it stops for all co-defendants as well. 18 U.S.C. § 3161(h)(7) ("The following periods of time shall be excluded . . . [a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."); see also United States v. Gambino, 784 F. Supp. 129, 138 (S.D.N.Y. 1992) ("delay attributable to one defendant is charged to all co-defendants").

## Conclusion

For the reasons set forth above, the government respectfully requests that (1) the Court move the pretrial conference currently scheduled for June 1, 2012, at 11:00 a.m. to June 1, 2012, at 3:15 p.m; and (2) prospective jurors calling into the Court's telephone system on May 29, 2012 be directed to call back on June 1, 2012, after 7:00 p.m. In addition, should the Second Circuit stay the trial of Count One as to the defendant Theodore Persico, Jr., the government respectfully requests that the entire trial be stayed, as to all defendants and counts, until the Second Circuit has ruled on Persico, Jr.'s appeal.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Nicole M. Argentieri
Rachel J. Nash
Allon Lifshitz
Assistant U.S. Attorneys
(718)254-6232/6072/6164

cc: Clerk of Court (by ECF)
    Elizabeth Macedonio, Esq. (by ECF)