

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NMA  *271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 30, 2012

By Hand Delivery and ECF

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: United States v. Francis Guerra, et al.
            Criminal Docket No. 10-147 (S-4)(CBA)

Dear Judge Townes:

      The government respectfully submits this letter in response to the May 25, 2012 request by a member of the media for disclosure of the plea agreements in the above-captioned matter.[1] For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

      Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at

---

      1   In this matter, five defendants have entered guilty pleas, pursuant to written agreements with the government, before the Court and Magistrate Judge Mann; specifically, defendants Bombino, DiMichele, Garofalo, Petrizzo and Preza.

2

times yield to more compelling interests." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor the plea agreements themselves have been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from individual defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

    Respectfully submitted,

    LORETTA E. LYNCH
    UNITED STATES ATTORNEY

By:    /s/
    Nicole M. Argentieri
    Rachel J. Nash
    Allon Lifshitz
    Assistant U.S. Attorney
    (718) 254-6232/6072/6164

cc: Defense Counsel (by ECF)