

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 3, 2012

By ECF and Hand Delivery

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Francis Guerra, et al.
            Criminal Docket No. 10-0147 (S-4) (SLT)

Dear Judge Townes:

     In accordance with the procedure set forth by the Second Circuit in United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983), the government will disclose to the Court, under separate cover and ex parte, the Presentence Investigation Reports ("PSR") for cooperating witnesses Dino Basciano, Kenneth Geller, Joseph Iborti, Blase Salvatore Mangiavillano, Christopher Prince and Anthony Russo that are in the government's possession.  See United States v. Molina, 356 F.3d 269, 274 (2d Cir. 2004).  These PSRs relate to prior prosecutions of these witnesses.  As the Second Circuit has repeatedly concluded, PSRs do not constitute Section 3500 material.  In addition, in order to preserve the confidentiality of PSRs, the Second Circuit has adopted a procedure for the in camera review of PSRs for impeachment and exculpatory material.

     The government has previously reviewed the PSRs for exculpatory and impeachment material and disclosed all relevant Giglio material contained in the PSRs.  (See Exhibit A Government Giglio Letter dated June 1, 2012 (not filed electronically)).  The PSRs do not contain any exculpatory information.

     In United States v. Moore, 949 F.2d 68, 70-71 (2d Cir. 1991) (citing United States v. Caniff, 521 F.2d 656 (2d Cir. 1976)), the Second Circuit reiterated that a PSR "did not constitute material required to be produced by the government" pursuant to Section 3500.  See also United States v. Jackson, 978 F.2d 903, 908 (5th Cir. 1993) (18 U.S.C. § 3500 requires disclosure of statements made by the defendant that the witness has "signed or otherwise adopted or approved," a PSR is not a

statement by a defendant but rather "a statement that a probation officer makes to aid the court in sentencing a defendant").

Among other reasons, the Second Circuit cited confidentiality concerns as a bar to the disclosure of PSRs. As the court in Moore observed:

> Presentence reports are prepared pursuant to the command of Rule 32(c) of the Federal Rules of Criminal Procedure, and the concern for confidentiality that permeates that Rule and its history is obvious. Under 18 U.S.C. § 3500, a defendant may obtain a statement of a witness with ease, and it cannot be that the concern for confidentiality so apparent in Rule 32(c) can be so easily overridden. The Jencks Act was enacted in 1957. At that time, disclosure of presentence reports was even more restricted than it is now. Indeed, it was not until 1975 that defendants were entitled to see their own presentence reports as a matter of right. It would be ironic to hold that Congress, almost two decades earlier, intended the Jencks Act to require the routine release of such reports to third parties.

Moore, 949 F.2d at 71 (citations omitted).

Confidential information contained in these reports, which includes detailed information about family members of the defendant, is of particular concern here given that the government has security concerns about the cooperating witnesses and their families due to their cooperation. See Jackson, 978 F.2d at 909 ("Our decision that presentence reports are not statements under the Jencks Act is heavily influenced by the confidential nature of those reports. Every court that has looked at this question has recognized that there is a need to protect the confidentiality of the information contained in the reports.").

The proposition that PSRs should be reviewed by the Court for impeachment and exculpatory material was first endorsed by the Second Circuit in United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983). In addition, the Charmer court cautioned that PSRs should not be released absent a "compelling need for disclosure to meet the ends of justice." Id. at 1176; see also Molina, 356 F.3d at 274 ("With respect to

2

third party disclosures, we have approved a procedure by which the sentencing court examines requested presentence reports *in camera* for exculpatory or impeachment material that might aid the defendant requesting it. The court then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice.").

Likewise, in United States v. Cyphers, 553 F.2d 1064, 1069 (7th Cir. 1977), the Seventh Circuit held that prior to disclosure of a PSR, a court must determine that the report is "absolutely essential to effective presentation of a defense and therefore required in the interests of justice." While exculpatory or impeachment information would meet this test, the existence of this information in a PSR does not require the PSR's disclosure if "the defendant already possess[es] the information." Moore, 949 F.2d at 72.

Accordingly, in Moore, the Second Circuit held that the district court properly found that the PSRs requested contained "no exculpatory material at all or impeachment material for which [the defendant] could reasonably be said to have had a 'compelling need.'" Id.; see also Jackson, 978 F.2d at 909 ("[T]he district court examined the presentence reports at issue and found that: 1) the defendants already had access to all of the information the reports contained, and 2) the reports did not contain any evidence that was favorable to the defendants. The district court, thus, fulfilled its duty and afforded the defendants all the rights to which they were entitled."). In the case at bar, the government has produced all relevant Brady and Giglio material of which it is presently aware, and will continue to do so in accordance with its obligations.

\* \* \* \* \*

3

       For the foregoing reasons, the government requests that the Court review the PSRs of Dino Basciano, Kenneth Geller, Joseph Iborti, Blase Salvatore Mangiavillano, Christopher Prince and Anthony Russo for exculpatory and impeachment material and only disclose that material if it is found to have not been previously produced or is otherwise unavailable to the defendant. The PSRs will be provided to the Court under seal, under separate cover.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

                    By:   /s/_____
                               Nicole M. Argentieri
                               Rachel J. Nash
                               Allon Lifshitz
                               Assistant U.S. Attorneys
                               (718) 254-6232/6072/6164

Enclosures

cc:   Defense Counsel (by ECF)