

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA/RJN/AL

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

June 23, 2012

**By ECF & Email**

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Francis Guerra
         Criminal Docket No. 10-0147 (S-4)(SLT)

Dear Judge Townes:

    The government respectfully submits this letter in response to the defendant's June 22, 2012 submission and in further support of its June 21 ("Gov. 6.21.12 Let.") and June 22, 2012 ("Gov. 6.22.12 Let.") submissions addressing the admissibility of consensual recordings made by two cooperating witnesses - Steven Marcus and Thomas McLaughlin.

    In his June 22, 2012 submission, Guerra: (1) argues that Marcus and McLaughlin are not Guerra's co-conspirators and (2) cites United States v. Romanello, 10 CR 929 (ILG), 2012 WL 27284 (E.D.N.Y. Jan. 4, 2012). Neither his argument regarding the cooperating witnesses nor the Romanello case support Guerra's conclusion that the recordings here are inadmissible.

    In its submissions, the government set forth three categories of recorded conversations that it intends to admit. First, the government intends to introduce statements made by the defendant's co-conspirators - Theodore Persico, Jr., and Anthony Russo (prior to the time Russo began cooperating with the government) - which were made in furtherance of the racketeering conspiracy in which they and Guerra were involved. See Gov. 6.21.12 Let. at 4-7, Gov. Let. 6.22.12 at 2. Second, the government intends to introduce the defendant's own statements to McLaughlin. See Gov. 6.22.12 Let. at 1-2. Third, the government intends to introduce certain of Russo's statements as prior consistent statements, to rebut Guerra's claim that he fabricated his testimony. See Gov. 6.22.12 Let. at 2-3.

Guerra's submission addresses only the first category of statements - statements made by a co-conspirator in furtherance of a conspiracy in which Guerra was involved. The government addresses Guerra's objection to these co-conspirator statements below.

I. Recordings Made of Co-Conspirators By a Cooperating Witness Are Admissible

The government does not intend to introduce the statements made by Marcus or McLaughlin as co-conspirator statements. Of course, by the time they were cooperating with the government, Marcus and McLaughlin were no longer the defendants' co-conspirators. However, their status as cooperating witnesses does not render the recordings inadmissible. Under the defendant's logic, consensual recordings made by cooperating witnesses could never be admissible at trial, an outcome which is flatly contradicted by case law. See, e.g., United States v. Fahane, 634 F.3d 127, 161-162 (2d Cir. 2011); United States v. Burden, 600 F.3d 204, 225 (2d Cir. 2010). Rule 801(d)(2)(E) does not require that the person to whom the statements are made be a co-conspirator. Rather, the statements of the cooperating witnesses simply provide background and context for statements made by the defendant's co-conspirators. See, e.g., In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 139 (2d Cir. 2008) ("Though Rule 801(d)(2)(E) requires that both the declarant and the party against whom the statement is offered be members of the conspiracy, there is no requirement that the person to whom the statement is made also be a member.") (citations omitted).

Guerra's argument was addressed and rejected in United States v. Dupree, 10-CR-628 (KAM), 2011 WL 5884219, at *17 (E.D.N.Y. Nov. 23, 2011). The court explained,

> First, [the defendants] argue that [the cooperating witness] cannot be a coconspirator because he was cooperating with the government. (citation omitted) This fact, however, does not affect the admissibility of the conversations if [the declarant's] statements satisfy the requirements of Rule 801(d)(2)(E). Farhane, 634 F.3d at 160-62 (2d Cir. 2011) (affirming district court's admission of tape recorded conversations between a co-defendant, on the one hand, and a confidential informant or undercover agent, on the other hand, under

2

>Rule 801(d)(2)(E)); In re Terrorist Bombings, 552 F.3d 93 at 139 ("Though Rule 801(d)(2)(E) requires that both the declarant and the party against whom the statement is offered be members of the conspiracy, there is no requirement that the person to whom the statement is made also be a member." (quoting Beech-Nut Nutrition Corp., 871 F.2d at 1199))[1]; United States v. Sanin, Nos. 96-1417(L), 96-1481, 96-1482, 1997 WL 280083, at *3, 1997 U.S.App. LEXIS 12280, at *10-11 (2d Cir. May 23, 1997) ("[S]tatements made to a non-co-conspirator can still be admitted under Rule 801(d)(2)(E) if the purpose of making the statements is to facilitate achievement of the conspiracy's goal.")

II. Statements Made by Persico, Jr., and Russo Are Co-conspirator Statements

The government respectfully refers to its June 21 and June 22, 2012 letters which explain why the statements the government seek to admit are made by Guerra's co-conspirators in furtherance of the conspiracy in which Guerra was a participant. Here, the government addresses the decision in United States v. Romanello, 10 CR 929 (ILG), 2012 WL 27284 (E.D.N.Y. Jan. 4, 2012) because the nature of the recordings the court rejected in Romanello differ substantially from the ones here.

In Romanello, the Court concluded that there was not sufficient evidence to prove the defendant and the declarant were engaged in a conspiracy together to commit specific criminal acts. Romanello, 2012 WL 27284, at * 7-8. The Court held that statements regarding the general nature of the mafia and the defendant's participation in that criminal group are not sufficient to establish that a conspiracy exists between the defendant and the declarant. In contrast, the recordings in this case, especially in conjunction with the evidence presented at trial, has demonstrated beyond a preponderance that Guerra was involved not only in a racketeering conspiracy with Russo and

---

[1] The full citation is United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989).

3

Persico, Jr., but also in specific criminal behavior in furtherance of that conspiracy.

Trial testimony has established that Guerra was a member of Persico, Jr.,'s crew. Russo also explained that Guerra was eventually a part of Russo's own crew. The evidence has further established that Russo, Persico, Jr., and Guerra conspired to commit a variety of crimes, such as murder, including the murder of Joseph Scopo, extortion, loan sharking and the distribution of illegal drugs, in furtherance of the racketeering conspiracy. The statements the government intends to introduce further establish that Russo, Persico, Jr., and Guerra were involved in the racketeering conspiracy together, and relate to specific criminal conduct in furtherance of that conspiracy. Here, the government cites just a few examples from its June 21 and June 22, letters.

1.  On February 1, 2008 (Ex. 301), Persico, Jr., advised Marcus, in reference to a business to be operated for the Colombo family, "I actually wanted to put BF [a reference to the defendant] there. . . . Anybody comes to bother him, BF says, 'whoa whoa whoa, backup.' BF's there." This statement reflects that Persico, Jr., and Guerra are involved in conspiring to use Colombo family resources to ensure that Colombo-affiliated companies can run with impunity and without interference from other crime families or other outside parties.

2.  On July 30, 2008 (Ex. 306(b)), Persico, Jr., explained to Marcus that Joseph Scopo's son should not be inducted into another crime family because "we killed his father." Guerra is charged with participating in this murder, and there has been testimony from three cooperating witnesses at trial regarding his involvement in it. Thus, there is sufficient evidence to conclude that Persico, Jr.,'s statement relates to a conspiracy – both the Scopo murder conspiracy and the broader racketeering conspiracy – in which Guerra is involved.

3.  On August 8, 2009 (Ex. 700), Russo advised McLaughlin about the various individuals to whom he and Guerra had reported during the course of their participation in committing crimes for the Colombo family. This statement, as well as the testimony from Russo, clearly establish the existence of an agreement between Russo and Guerra to commit crimes for the Colombo family.

4. On January 28, 2010 (Ex. 706), Persico, Jr., directed McLaughlin to arrange a meeting of his crew members, including Guerra. Again, in light of the testimony regarding Guerra's membership in Persico, Jr.,'s crew and regarding the crimes they committed together, Persico, Jr.'s, decision to organize a meeting of his crew members is further evidence of his involvement in a racketeering conspiracy with Guerra.

Furthermore, for the reasons set forth in the government's previous submissions, these statements not only establish the existence of the conspiracy, but also were also made to further that conspiracy. To summarize, Russo's and Persico, Jr.'s statements educate the cooperating witnesses about: (1) the hierarchy and reporting structure of the crew of which Guerra was a part; (2) Guerra's position and influence; (3) the importance of loyalty to the Persico family; (4) the manner in which Guerra could provide protection to Colombo family businesses; and (5) the Persico faction's control over the Colombo family as a result of the Scopo murder. See, e.g., United States v. Maldonado-Rivera, 922 F.2d 934, 958-959 (2d. Cir. 1990) (holding that statements "provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy" are in furtherance of the conspiracy) (citing United States v. Rahme, 813 F.2d 31, 35-36 (2d Cir. 1987); United States v. Ammar, 714 F.2d 238, 252 (3d Cir.), cert. denied, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983)).

5

Therefore, the government respectfully submits that the recordings discussed in the government's letters dated June 21 and June 22, 2012 are admissible in evidence at trial.

```
                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                        By:   /s/
                              Nicole M. Argentieri
                              Rachel M. Nash
                              Allon Lifshitz
                              Assistant U.S. Attorneys
```

cc:  Defense Counsel (by ECF)